**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                              Case No. 3:15-mj-1170-JRK

JOSHUA RYNE GOLDBERG

## O R D E R

This cause came before the Court for the detention and preliminary hearings on September 15, 2015. At the hearings, Defendant's counsel moved for a competency examination of Defendant. The Government did not oppose. Based upon Defendant's mental health condition as set forth in the Pretrial Services Report and reported by Defendant at his initial appearance, as well as the representations of counsel, the Court concludes that a mental examination to determine whether Defendant is competent to proceed in all matters is appropriate. (A separate order making specific findings regarding the mental examination will enter.) Consistent with this determination, the Court finds pursuant to 18 U.S.C. § 3142(f)(2)(B) that there is good cause to continue the detention hearing until the issue of Defendant's competency to proceed has been resolved. Moreover, pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure ("Rule(s)"), the time limits for holding a preliminary hearing set out in Rule 5.1(e) shall be extended, good cause having been shown by the need to evaluate Defendant's competency. Given that Defendant, through counsel, moved for the competency examination and agreed good cause exists to extend the time for the preliminary hearing, the Court finds Defendant has consented to said extension. Alternatively, given Defendant's mental health history and the need for a mental examination

to determine whether Defendant is competent to proceed, the Court finds extraordinary circumstances exist to extend the time in which to hold the preliminary hearing and justice requires the delay.  In making the findings with respect to extending the time in which to hold the preliminary hearing, the Court has taken into account the public interest in the prompt disposition of criminal cases. Additionally, the parties agree that the time necessary to examine Defendant and determine whether he is competent to proceed is excluded from the 30-day time period the Government has to present this matter to the Grand Jury.  See 18 U.S.C. §§ 3161(b), 3161(h)(1)(A).

Consistent with the foregoing, it is

**ORDERED**:

That the detention hearing and preliminary hearing are hereby **CONTINUED** until the issue of Defendant's competency has been resolved.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Frein)
Paul A. Shorstein, Esquire
U.S. Marshals Service
U.S Pretrial Services