**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                                                          **Case No. 3:15-mj-1170-JRK**

**JOSHUA RYNE GOLDBERG**

_____

## O R D E R

This cause came before the Court on December 8, 2016 for a status hearing regarding Defendant's competency to proceed. See Minute Entry (Doc. No. 47). This was the second status hearing in the case since Defendant was transported to the Federal Medical Center in Butner, North Carolina ("FMC Butner"), where he is currently being held. Counsel for Defendant and the Government were present at the hearing, and Defendant was present via live video. During the hearing, the Court orally announced its finding, and this Order is entered to memorialize the finding. The entire transcript of the hearing is incorporated herein.

Defendant was transported to FMC Butner upon this Court's December 16, 2015 Order (Doc. No. 29), finding Defendant incompetent to proceed in this matter and committing him to the custody of the Attorney General or his duly authorized representative for an examination and treatment for a period not to exceed four months, pursuant to 18 U.S.C. §§ 4241(d) and 4247(b).[1] Defendant arrived for evaluation at FMC Butner on January 12, 2016.

On or about May 18, 2016, the Court received a report by evaluators at FMC Butner dated May 10, 2016 and signed May 23, 2016, in which the evaluators opined that Defendant's "mental condition, namely Autism Spectrum Disorder and Major Depressive

---

[1] Also included in the December 16, 2015 Order was an instruction for evaluators at the designated facility to answer the question of whether Defendant was insane at the time of the offense charged. See Order (Doc. No. 29) at 4.

Disorder, interfere[d] with his rational understanding of relevant legal proceedings and his ability to assist counsel in his defense." The evaluators, however, believed there was a "substantial likelihood" that Defendant would improve and be competent to proceed "in the foreseeable future."

At a status hearing held before the undersigned on June 15, 2016, see Minute Entry (Doc. No. 43), counsel for the Government and Defendant jointly filed a stipulation in open court representing their agreement that "[D]efendant should continue to remain at [FMC Butner] for an additional four months to continue restoration efforts," Stipulation of the Parties (Doc. No. 44; "June 15, 2016 Stipulation"), at 2. The Court then announced on the record its findings that Defendant was not competent to proceed but was substantially likely to attain the capacity to proceed within a reasonable period of time. See Minute Entry (Doc. No. 43) at 1. The Court directed Defendant to remain at FMC Butner for an additional four months to continue restoration efforts. See id. An Order (Doc. No. 45) was then entered on June 15, 2015, memorializing the Court's findings and specifying that Defendant was to remain committed at FMC Butner through October 17, 2016, at which time the Court would determine how to proceed.

On or about November 16, 2016, the Court received another report by evaluators at FMC Butner, dated October 27, 2016 and signed November 8, 2016, in which the evaluators opine as follows:

> [Defendant's] mental condition, namely Major Depressive Disorder, interferes with his rational understanding of relevant legal proceedings and his ability to assist counsel in his defense. Ongoing treatment with an antidepressant and individual psychotherapy are warranted, as previously noted. Based on all available information, there is a substantial likelihood that he may improve to such an extent his competency to proceed may be improved in the foreseeable future in order to proceed. As such, we are requesting another period of evaluation and treatment to continue restoration efforts, pursuant to the provisions of [18 U.S.C. § 4241(d)].

At the status hearing on December 8, 2016, counsel for the Government and Defendant jointly filed in open court a Stipulation of the Parties (Doc. No. 48; "December 8, 2016 Stipulation").  Similar to the June 15, 2016 Stipulation, the December 8, 2016 Stipulation states that the parties "agree that [D]efendant . . . remains incompetent to proceed, but there is a substantial likelihood that in a reasonable amount of time [D]efendant may improve to such an extent his competency to proceed may be improved in order to proceed." December 8, 2016 Stipulation at 1.  The parties further stipulate that "[D]efendant should continue to remain at [FMC Butner] for an additional four months to continue restoration efforts." Id. at 2.

In light of the December 8, 2016 Stipulation and the October 27, 2016 report from FMC Butner, the Court finds that Defendant is not competent to proceed at this time, but there is a substantial probability that within a reasonable period of time Defendant will attain the capacity to permit the proceedings to go forward.  See 18 U.S.C. § 4241(d)(2)(A).

Accordingly, it is

**ORDERED**:

Pursuant to 18 U.S.C. § 4241(d)(2)(A), Defendant shall continue to be committed to FMC Butner through **February 16, 2017**, at which time the Court will determine the manner in which to proceed.  **Defendant shall remain at FMC Butner pending further Order.**

**DONE AND ORDERED** at Jacksonville, Florida on December 12, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Assistant U.S. Attorney (Frein)
Paul A. Shorstein, Esq.
Defendant (via staff at FMC Butner)
U.S. Marshal
U.S. Pretrial

J.C. Holland, Complex Warden
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

Adeirdre Stribling Riley, Ph.D.
Forensic Psychologist
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

Tracy O'Connor Pennuto, J.D., Ph.D.
Staff Neuropsychologist
Federal Medical Center
P.O. Box 1600
Butner, NC 27509