UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                 Case No. 3:17-cr-249-J-39JRK

**JOSHUA RYNE GOLDBERG**

**O R D E R**

This cause is before the Court on the remaining portions of the following motions:

1. Defendant's Unopposed Motion to Seal Competency Evaluation Report (Doc. No. 28; "Motion to Seal"), filed December 16, 2015; and

2. The Motion to Intervene for Purposes of Opposing Defendant's Motion to Seal Competency Evaluation Report, and Request for Hearing (Doc. No. 33; "Motion to Intervene"), filed December 29, 2015,[1] to which Defendant responded in opposition on January 15, 2016 (Doc. No. 36) and the Government responded in opposition on January 19, 2016 (Doc. No. 38).

The motions concern Government's Exhibit 2 that was entered into evidence at the competency hearing held before the undersigned on December 14, 2015. The exhibit is a report authored on November 13, 2015 by Lisa B. Feldman, Psy.D., regarding her competency evaluation of Defendant. See Doc. No. 25 (Minute Entry). At the competency hearing, Defendant orally moved to seal the exhibit. See id.; Doc. No. 26 (oral motion). The

---

[1] The following entities filed the Motion to Intervene: Morris Publishing Group LLC, d/b/a The Florida Times-Union; The Associated Press; Multimedia Holdings Corporation d/b/a WTLV/WJXX First Coast News; Graham Media Group, Florida, Inc., d/b/a WJXT News4Jax; and Cox Television Jacksonville, LLC, WJAX/WFOX (collectively, "Media Intervenors").

undersigned entered an Order (Doc. No. 30) on December 16, 2015 temporarily sealing the exhibit and directing Defendant to file a motion no later than December 22, 2015 to request that the exhibit be sealed. The Order also stated that "[t]he Government or any other interested party may file an opposition no later than December 29, 2015." Order (Doc. No. 30).

The motions were filed in response to the December 16, 2015 Order. On January 25, 2016, the undersigned held a hearing on the motions, the record of which is incorporated in this Order. See Doc. No. 41 (Minute Entry). The undersigned heard from all interested parties, including the Media Intervenors, and received under seal proposed redacted versions of Dr. Feldman's report from the Government and Defendant to be released to the public. See Gov.'s Ex. 1 and Def.'s Ex. 1, filed under seal at 1/25/2016 hearing. Ultimately, the undersigned ruled at the hearing as follows. The Motion to Intervene was granted to the extent that the Media Intervenors were permitted to intervene for the stated purposes, and to the extent that portions of Dr. Feldman's report would be unsealed. See Doc. No. 41 (Minute Entry). The portion of the Motion to Intervene seeking to unseal the entirety of the report was taken under advisement. See id. In addition, Court's Exhibit 1 was admitted at the January 25, 2016 hearing. This exhibit is a redacted version of Dr. Feldman's report that the undersigned determined, with the benefit of input from the parties, is suitable for public release; the vast majority of Dr. Feldman's report is unredacted. Court's Exhibit 1 was released to counsel for the Media Intervenors and to the public at the conclusion of the January 25, 2016 hearing.


The only remaining issue is whether the information redacted in Court's Exhibit 1 from the January 25, 2016 hearing (i.e., the entire Dr. Feldman report) should be unsealed and made publicly available.[2] Having reviewed the parties' papers and the applicable law, the undersigned finds that the record demonstrates compelling reasons to justify the very limited redactions of Dr. Feldman's report and therefore, the redacted information shall remain sealed. The redactions are essential to preserve Defendant's and Dr. Feldman's privacy interests,[3] and they are narrowly tailored to serve those interests. See, e.g., Press-Enter. Co. v. Superior Court, 478 U.S. 1, 13-14 (1986); United States v. Guerrero, 693 F.3d 990, 1002 (9th Cir. 2012) (stating that "there are alternatives to full closure of the competency proceedings that can protect [a defendant's or others' privacy] interests," including "protective orders, redact[ing] names from reports, and restrict[ing] the use of other people's names during the hearing"); United States v. Ochoa-Vasquez, 428 F.3d 1015, 1030 (11th Cir. 2005). The redactions are also narrowly tailored to prevent a substantial threat to the administration of justice, see In Re Express-News Corp., 695 F.2d 807, 810 (5th Cir. 1982) (citation omitted), especially given that the private redacted information appears to have had

---

[2] Defendant underwent competency restoration and treatment at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), for almost one and one-half years. After another competency hearing (Doc. No. 56), the undersigned found Defendant competent to proceed to trial on April 28, 2017 (Doc. No. 60). Defendant remained at FMC Butner for further monitoring and treatment. Defendant then appeared before the undersigned on December 20, 2017, waived indictment by the federal grand jury, and pleaded guilty to a one-count information charging him with attempting to maliciously damage and destroy, by means of an explosive, a building used in interstate and foreign commerce and in any activity affecting interstate or foreign commerce, in violation of 18 U.S.C. § 844(i). See Doc. Nos. 71-78. Defendant's plea has been accepted by the Court, see Doc. No. 79, and he is scheduled to be sentenced on April 11, 2018, see Doc. No. 84. In the meantime, Defendant is being housed at FMC Butner for monitoring and treatment. Given the long pendency of issues related to Defendant's competency and the public release of the vast majority of Dr. Feldman's report, it had not become necessary until recently to issue a ruling on whether the rest of it needed to be unsealed.

[3] Dr. Feldman's only protected privacy interest is a redacted phone number.

minimal, if any, impact on Dr. Feldman's competency determination and the Court's findings on Defendant's competency to proceed.

Accordingly, it is

**ORDERED**:

1. Defendant's Unopposed Motion to Seal Competency Evaluation Report (Doc. No. 28) is **GRANTED in part, and DENIED in part.**

 A. The Motion is **GRANTED** to the extent that Dr. Feldman's originally-submitted full report (Gov.'s Ex. 2, 12/14/2015 hearing), as well as the parties' proposed redactions (Gov.'s Ex. 1 and Def.'s Ex. 1, 1/25/2016 hearing), will remain **UNDER SEAL**. These documents shall remain under seal until this case is resolved, including any appeal, and shall thereafter be returned to the filing party, unless otherwise ordered by the Court.

 B. The Motion is otherwise **DENIED**. As stated, a redacted version of Dr. Feldman's report was publicly released as Court's Exhibit 1 from the January 25, 2016 hearing.

2. The Motion to Intervene for Purposes of Opposing Defendant's Motion to Seal Competency Evaluation Report, and Request for Hearing (Doc. No. 33) was previously **GRANTED** to the extent that it requested a hearing, requested to intervene, and requested

to unseal at least part of Dr. Feldman's report.  To the extent this Motion seeks to unseal the report in its entirety, the Motion is **DENIED**.

    **DONE AND ORDERED** at Jacksonville, Florida on February 14, 2018.

                                                                                                *JAMES R. KLINDT*
                                                                       United States Magistrate Judge

kaw
Copies to:

Assistant United States Attorney (Frein)

Paul A. Shorstein, Esquire

Jennifer A. Mansfield, Esquire (counsel for Morris Publishing Group, LLC; The Associated Press; Multimedia Holdings Corporation; Graham Media Group, Florida, Inc.; and Cox Television Jacksonville, LLC, WJAX/WFOX)

Timothy J. Conner, Esquire (counsel for Morris Publishing Group, LLC; The Associated Press; Multimedia Holdings Corporation; Graham Media Group, Florida, Inc.; and Cox Television Jacksonville, LLC, WJAX/WFOX)

Edward L. Birk, Esquire (counsel for Graham Media Group, Florida, Inc.)