UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO.  3:17-cr-249-J-39MCR

JOSHUA RYNE GOLDBERG

**UNITED STATES' CONSENT MOTION FOR
ENTRY OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), and Rules 32.2(b)(2) and (4) of the Federal Rules of Criminal Procedure, to enter a Preliminary Order of Forfeiture as to the following:

a. A Nokia Lumia 521 phone w/ cord, IMEI # 355913057737970;

b. an Apple Ipad Mini w/ case, serial number F79MQUTSF196;

c. a Lenovo Y70-70 Touch model 80DU laptop computer, serial number MP06SDR9, w/ power cord; and

d. a Hewlett-Packard model G7-2270us laptop computer, serial number 5CD3105Q2D

(phone, Ipad Mini, and laptop computers).  Upon entry, the Preliminary Order of Forfeiture shall be final as to the defendant.  In support thereof, the United States submits the following memorandum of law.

# MEMORANDUM OF LAW

**1.     Statement of Facts**

1.     On December 20, 2017, the defendant was charged in a one count Information with attempted malicious damage and destruction by an explosive of a building, in violation of 18 U.S.C. § 844(i).  Doc. 75.

2.     The Information contained forfeiture allegations which noticed the defendant that the United States would seek forfeiture of all assets, foreign or domestic, derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332(b)(g)(5)) against the United States, citizens or residences of the United States, or their property.  Specifically, the United States sought forfeiture of the phone, Ipad mini and laptop computers.  *Id.* at 2.

3.     On December 20, 2017, the defendant pled guilty to Count One of the Information at a hearing before United States Magistrate Judge James R. Klindt, who made a report recommending that the defendant's plea be accepted.  Docs. 75, 77.  On January 5, 2018, United States District Judge Brian J. Davis accepted the defendant's plea, adjudicated him guilty, and set the defendant's sentencing for April 11, 2018.  Doc.79.

  4. In paragraph 10 of his Plea Agreement, the defendant agreed that the phone, Ipad mini and laptops were subject to forfeiture as a result of the offense charged in Count One.  Doc. 75 at 5-6.

  5. Pursuant to Rule 32.2(b)(4)(A), the defendant agreed in his Plea Agreement that the order of forfeiture would be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.  Doc. 75 at 7.

  6. The undersigned has conferred with defense counsel, Paul Shorstein, Esquire, and has been authorized to represent that he consents on behalf of his client to the relief sought in this motion.

## II. <u>Legal Authority</u>

The Court's authority to order forfeiture of property for a violation of 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure requires that as soon as practical after a verdict or finding of guilty on any count in an indictment or information for which criminal forfeiture is sought, the Court must determine what property is subject to forfeiture under the applicable statute.  If the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established requisite nexus between the property and the offense.

In the Factual Basis of his Plea Agreement, the defendant admitted, among other things, that due to his postings concerning the attack at the Muhammad Art Exhibit and Contest in Garland, Texas, the FBI located an on-line posting wherein the defendant took responsibility for inspiring the Muhammad Art Exhibit and Contest in Garland, Texas attack, as well as two other planned attacks.  An FBI confidential human source (CHS) began exchanging messages with the defendant on social media.  The FBI Laboratory Division, Explosives Unit conducted a technical threat assessment of the content on five web-sites that the defendant sent to the CHS and it was determined that all of the "sites or a combination of them could be utilized to construct or make explosives, detonators and IEDs (improvised explosive devices]" and that "[t]he guidance offered by the suspect would enable the CHS to gain the knowledge necessary to obtain the materials to manufacture explosives and construct an IED."  The assessment stated that "[i]n the immediate vicinity of a properly constructed and initiated IED the resulting effect would cause property damage, personal injury and/or death."  Thus, the phone, Ipad Mini and laptop computers are subject to forfeiture.

If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the offense, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting

all right, title and interest of the defendant in the phone, Ipad Mini and laptop computers to the United States in accordance with 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), and Rules 32.2(b)(2) and (4) of the Federal Rules of Criminal Procedure.

### III.  Conclusion

For the reasons stated above, the United States requests that the Court forfeit the phone, Ipad Mini and laptop computers to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).

The United States further requests that in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 75 at 7.

Upon issuance of the Preliminary Order of Forfeiture, the government will provide written notice to all third parties known to have an alleged legal interest in the phone, Ipad Mini and laptop computers and will publish notice on the internet at www.forfeiture.gov.  Determining whether a third party has an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally announcing the sentence and in the judgment.  See Fed. R. Crim. P.

32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the phone, Ipad Mini and laptop computers, the United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

                                            Respectfully submitted,

                                            MARIA CHAPA LOPEZ
                                            United States Attorney

By:   *s/ Bonnie A. Glober*
        BONNIE A. GLOBER
        Florida Bar No. 0748307
        Assistant United States Attorney
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone: (904) 301-6300
        Facsimile:   (904) 301-6310
        E-mail: bonnie.glober@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Paul Shorstein, Esquire

<em>s/ Bonnie A. Glober</em><br>
BONNIE A. GLOBER<br>
Assistant United States Attorney